# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH FERGUSON, ANDREW CLEMEN, and JEFF NOLTING, and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No. _____ |
| v. | ) ) |
| EXIDE TECHNOLOGIES, | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT EXIDE TECHNOLOGIES' NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA:

Defendant Exide Technologies ("Defendant"), by its attorneys, pursuant to 28 U.S.C. §§ 1331, 1332(a) and (d)(2), 1367, 1441(a), and 1446, and 29 U.S.C. § 216(b), hereby files this Notice of Removal in the above-captioned case from the Iowa District Court, Delaware County, to the United States District Court for the Northern District of Iowa, Eastern Division, based on the following grounds:

1. Plaintiffs commenced this action on or about June 1, 2018 by filing their Complaint Petition – Class & Collective Action ("Complaint") in the Iowa District Court, Delaware County. The action is captioned *Deborah Ferguson, et al. v. Exide Technologies*, Case No. LACV008457. The Complaint, along with all documents filed in the related state-court action, are attached to this Notice of Removal as Exhibit 1. The Complaint purports to assert a collective action claim on behalf of Plaintiffs and other alleged "similarly situated employees" under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") (Count I), and a

class action claim on behalf of Plaintiffs and a purported class of employees under the Iowa Wage Payment Collection Law, Iowa Code § 91A ("IWPCL") (Count II).  Ex. 1, Compl. ¶¶ 1, 3, 20, 24.

2. Defendant was served with the Complaint on June 15, 2018.  *See* Ex. 1, Return of Service.

**Factual Allegations in the Complaint**

3. The Complaint alleges that Defendant is a Georgia corporation.  Ex. 1, Compl. ¶ 4.  Defendant's principal place of business is in Georgia, but Defendant is incorporated in Delaware (in each case, both as of the time the Complaint was filed and as of the date this Notice of Removal is filed).  Defendant is therefore a citizen of Georgia and Delaware.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

4. Upon information and belief, Plaintiff Deborah Ferguson is a citizen of Iowa, and her citizenship has not changed since she filed the Complaint.

5. Upon information and belief, Plaintiff Andrew Clemen is a citizen of Iowa, and his citizenship has not changed since he filed the Complaint.

6. Upon information and belief, Plaintiff Jeff Nolting is a citizen of Iowa, and his citizenship has not changed since he filed the Complaint.

7. Plaintiffs purport to bring their action on behalf of themselves and a class and/or collective of other "past, present and future employees" at Defendant's Manchester, Iowa facility "estimated to be over 300 individuals."  *See* Ex. 1, Compl. ¶¶ 3, 20, 24.

8. The Complaint alleges that each of Plaintiffs Ferguson, Clemen and Nolting, as well as the members of the putative class and collective they purport to represent, are "hourly employees," and that they were not fully paid wages and alleged unspecified "benefits" as required by law for time they allegedly spent working up to 40 hours per week, and in excess of 40 hours per week, on tasks including, "inter alia: a. donning and doffing the necessary and required safety apparel, equipment and specialized uniform in Defendant's locker room area; b. traversing the facility grounds to and from; and c. required showering and other personal cleaning at the end of a shift." Ex. 1, Compl. ¶ 20. The foregoing list of purportedly uncompensated or undercompensated work is non-exhaustive ("inter alia"). *Id.*

9. Further, the Complaint alleges that each of the named Plaintiffs and putative class/collective members should have been paid "their regular rate of pay and accompanying fringe benefits for all hours of work they performed up to 40 hours per week," as well as overtime at a rate of "one and one-half times the hourly rate of pay and accompanying fringe benefits on a weekly basis for work they performed in excess of 40 hours per week" under the FLSA and IWPCL. Ex. 1, Compl. ¶¶ 3, 20, and 23-26. They also seek unspecified and potentially additional "agreed upon hourly wages" pursuant to the IWPCL. *Id.* ¶¶ 25-26.

10. In its Prayer for Relief for Count I (FLSA), the Complaint requests the "unpaid regular hourly rate for work up to forty hours per week and [Plaintiffs'] overtime pay for all hours of work in excess of forty hours per week and unpaid or underpaid benefits" and "liquidated damages." Ex. 1, Compl. Prayer for Relief (Count I). *See* 29 U.S.C. § 216(b). In its Prayer for Relief for Count II (IWPCL), the Complaint requests "back pay with interest for all hours worked but not paid, and unpaid and underpaid benefits" and "liquidated damages." Ex. 1, Compl. Prayer for Relief (Count II); *see* Iowa Code § 91A.7-.8. Liquidated damages up to the

3
Case 6:18-cv-02044-LTS-MAR   Document 1   Filed 07/05/18   Page 3 of 12

amount of back pay owing potentially are recoverable under the FLSA and the IWPCL (though Defendant denies that Plaintiffs or any putative collective or class members are entitled to any relief against it or that they could obtain duplicative recovery of overtime and liquidated damages under both statutes in any event). *See* 29 U.S.C. § 216(b); Iowa Code § 91A.8.

11. In addition, the Complaint seeks attorneys' fees and costs. Ex. 1, Prayer for Relief (Counts I and II). Such amounts potentially are recoverable under the FLSA and the IWPCL. *See* 29 U.S.C. § 216(b); Iowa Code § 91A.7-.8. It is not uncommon for class and collective action plaintiffs' counsel to seek substantial attorneys' fee awards in such cases.

12. Plaintiffs also seek injunctive relief against violations of the FLSA and IWPCL. Ex. 1, Prayer for Relief (Counts I and II). The particular actions they seek to enjoin are unspecified, and thus the costs of complying with any such purported injunction are unclear but the costs of complying with such injunction(s) could be substantial.

**Federal Question Jurisdiction**

13. The FLSA claim in Count I arises under a federal law of the United States. Ex. 1, Compl. ¶¶ 1, 20-21. Therefore, the Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331. Section 16 of the FLSA, 29 U.S.C. § 216(b), also gives this Court original jurisdiction over such FLSA claims: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The Complaint acknowledges that this Court has original jurisdiction over Count I: "This court has original jurisdiction over this action pursuant to the FLSA, particularly 29 U.S.C. § 216(b) and 28 U.S.C. § 1331." Ex. 1, Compl. ¶ 2.

14. Removal of this action from Iowa state court to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446(a), and 29 U.S.C. §§ 216(b).

**Diversity Jurisdiction Conferred By 28 U.S.C. § 1332(d)(2)**

15. This Court also independently has original jurisdiction over Plaintiffs' IWPCL claims in Count II of the Complaint pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).

16. Under CAFA, a class action "means any civil action filed under rule 23 of the Federal Rules of Civil Procedure [("FRCP")] or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Count II was brought as a class action under the state court procedural rules of Iowa and therefore falls within the definition of "class action" under CAFA. *See* Ex. 1, Compl. ¶ 24 ("Plaintiffs bring this action [in Count II] under state law on behalf of themselves and as representatives of a class of employees...."). Upon removal, Count II will be subject to FRCP Rule 23.

17. An action is removable pursuant to CAFA when (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimum diversity of citizenship exists) and (ii) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). This "matter in controversy" amount is determined by aggregating all of the Plaintiffs' and the putative class members' claims. *Id.* § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In addition, the number of putative class members must be at least 100. *Id.* at § 1332(d)(5)(B).

5

18. The requirements for diversity jurisdiction under CAFA are satisfied in this case. First, while only minimum diversity of citizenship is required, in this case there is complete diversity of citizenship between *all* named Plaintiffs and Defendant (and, in any event, diversity between at least one named Plaintiff and Defendant). *See* Paragraphs 3-6, *supra*. *Second,* the estimated number of class members exceeds 300, Ex. 1, Compl. ¶ 24, which is more than the minimum of 100 putative class members required for diversity jurisdiction under CAFA. 28 U.S.C. § 1332(d)(5)(B).

19. Also, on the basis of the allegations and claims for relief in the Complaint, the aggregate amount in controversy exceeds $5,000,000 (exclusive of interest and costs). Among other things, Plaintiffs purport to seek putative class-wide relief for a non-exhaustive and varying list of allegedly uncompensated or undercompensated duties, including: (a) straight-time pay and "accompanying fringe benefits" (for weekly hours worked up to 40), (b) overtime pay "and accompanying fringe benefits" (for weekly hours worked in excess of 40), (c) other unspecified potentially additional "agreed upon hourly wages," and (d) "liquidated damages" in an amount equal to any back pay owing. *See supra* Paragraphs 7-11. They also seek potentially substantial class-wide attorneys' fees and injunctive relief. *Supra* Paragraphs 12-13.

20. And Plaintiffs seek these unquantified and sweeping amounts for hundreds of putative class members over a multi-year period. The FLSA has a three-year back liability period and IWPCL has a two-year back liability period. Ex. 1, Compl. ¶¶ 3, 21, 24, 25, and 26; *see* 29 U.S.C. § 255(a); Iowa Code § 614.1(8).

21. Based on these allegations alone, Plaintiffs have alleged that the aggregate matter in controversy across the putative class alleged here exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) & (d)(6); *Dart Cherokee Basin Operating Co. v. Owens*,

6

135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction."). In seeking removal based on Plaintiffs' own allegations, Defendant is not conceding or agreeing with Plaintiffs' methodology or other allegations (including as to liability) for any purpose, and in particular reserves the right to introduce further evidence with respect to the grounds for removal if and as becomes necessary.[1]

22. Removal of this action from Iowa state court to this Court thus is proper pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a) and 1446(a).

**Diversity Jurisdiction Conferred By 28 U.S.C. § 1332(a)**

23. This Court also independently has original jurisdiction over the claims in Counts I and II of the Complaint pursuant to 28 U.S.C. § 1332(a).

24. An action is removable on diversity jurisdiction grounds pursuant to the foregoing statutory provision when (i) there is complete diversity of citizenship between the named plaintiffs and defendant, and (ii) the amount in controversy for at least one named plaintiff alone plausibly exceeds $75,000 (exclusive of interest and costs). 28 U.S.C. § 1332(a); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) (stating that only the citizenship of the named class

---

[1] Plaintiffs' own allegations suffice to demonstrate that removal is proper, but Defendant reserves the right to provide evidence supporting removal should Plaintiffs challenge removal. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *id.* at 551 ("A statement 'short and plain' [of the grounds for removal] need not contain evidentiary submissions."); *id.* at 553-54 ("If the plaintiff contests the defendant's allegation [as to the amount in controversy] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.") (citing 28 U.S.C. §1446(c)(2)(B)).

representatives must be diverse from that of the defendants); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("where the other elements of jurisdiction are present and *at least one named plaintiff in the action satisfies the amount-in-controversy requirement*, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.") (emphasis added); *id.* at 558–59 ("The single question before us, therefore, is whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction.' . . . . We now conclude the answer must be yes.").

25. As set forth in Paragraphs 3-6 and 19, *supra*, complete diversity of citizenship exists between the named Plaintiffs and Defendant in this case.

26. Furthermore, on the basis of Plaintiffs' allegations and claims for the unspecified substantial relief described above and in the Complaint across a multi-year period, including without limitation each Plaintiff's respective potential share of any attorneys' fee award sought, the amount in controversy for each of the named Plaintiffs (and, in any event, for at least one of the named Plaintiffs) independently and plausibly exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

27. Thus, original jurisdiction also exists pursuant to 28 U.S.C. § 1332(a).

28. Removal of this action from Iowa state court to this Court is proper pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a).

**Supplemental Jurisdiction**

29. Even if this Court did not have original jurisdiction over the IWPCL claims in Count II of the Complaint (which it does), it would have supplemental jurisdiction over such claims under 28 U.S.C. § 1367 because the Complaint alleges that the claims in Count II arise from the same purported facts as Plaintiffs' claims in Count I arising under federal law. Ex. 1, Compl. ¶¶ 1, 6-26; *see id.* ¶ 22 (admitting in Count II: "This court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367."). This Court also has supplemental jurisdiction over all putative class and/or collective members' potential claims under Counts I and/or II because Plaintiffs allege the same conduct by Defendant with respect to all putative collective and/or class members. *Id.*; *see Exxon*, 545 U.S. at 558–59. While Defendant denies that Plaintiffs' claims and allegations are in fact appropriate for class or collective action treatment and reserves all rights and claims with respect thereto, Plaintiffs allegations are sufficient to vest this Court with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**Removal Process**

30. This removal is timely because Defendant is removing the case within 30 days after being served with a copy of the Complaint and Summons in the state court action under 28 U.S.C. § 1446(b).

31. Venue is proper in the United States District Court for the Northern District of Iowa because the case is being removed from the Iowa District Court, Delaware County, which is within the federal Northern District of Iowa. *See* 28 U.S.C. § 1446(a).

32. To date, no responsive pleading has been filed in the state court action, and no other proceedings have transpired in that action.

33. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and other documents served on Defendant in the state court action are attached in Exhibit 1.

34. A copy of this Notice of Removal is being filed concurrently with the Clerk of the Iowa District Court for Delaware County and is being served on all counsel of record and upon Plaintiffs, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of Defendant's Notice of Filing a Notice of Removal to Federal Court is attached hereto as Exhibit 2.

35. By filing this Notice of Removal, Defendant is not admitting or agreeing to any of the allegations in the Complaint or any related matters, including without limitation as to (a) liability or the merits of Plaintiffs' claims, (b) the method of computing straight-time, overtime or other compensation or benefits allegedly owed, (c) the propriety of the class or collective action mechanism and/or the certification of a class or collective action in this matter, and (d) the relevant statute(s) of limitations and alleged liability period. Defendant does not waive, and specifically reserves, all rights with respect to such matters and this case, including its rights to assert any defenses, objections, and arguments as to any and all such matters.

Dated:  July 5, 2018                                  Respectfully submitted,

                                          **DEFENDANT EXIDE TECHNOLOGIES**

                                      By:  /s/ *Gregory M. Lederer*
                                                One of Its Attorneys

                                                Gregory M. Lederer
                                                glederer@LWCLawyers.com
                                                Lederer Weston Craig, PLC
                                                118 Third Avenue SE, Suite 700
                                                Cedar Rapids, IA 52401
                                                Tel: (319) 365-1184
                                                Fax: (319) 365-1186

                                                Jonathan D. Lotsoff*
                                                jlotsoff@sidley.com
                                                Brenna M. Woodley*
                                                bwoodley@sidley.com
                                                Vera M. Iwankiw*
                                                viwankiw@sidley.com
                                                SIDLEY AUSTIN LLP
                                                One South Dearborn Street
                                                Chicago, Illinois 60603
                                                Tel: (312) 853-7000
                                                Fax:  (312) 853-7036

                                                **Pro hac vice* applications forthcoming

                                                Attorneys for Defendant

# CERTIFICATE OF SERVICE

I, Gregory M. Lederer, hereby certify that on July 5, 2018, I electronically filed a true and correct copy of the foregoing Defendant Exide Technologies' Notice of Removal with the Clerk of Court using the CM/ECF system, and served the same on the following counsel of record for Plaintiff by email and U.S. Mail:

Nate Willems
RUSH & NICHOLSON, PLC
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com

By: /s/ *Gregory M. Lederer*
Attorney for Defendant Exide Technologies