IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DEBORAH FERGUSON, ANDREW CLEMEN, JEFF NOLTING, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EXIDE TECHNOLOGIES, <br><br> Defendant. | CASE NO. 6:18-cv-2044-CJW <br><br> PLAINTIFFS' MOTION FOR SETTLEMENT APPROVAL AND TO DISMISS THIS CASE WITH PREJUDICE |

Plaintiffs Deborah Ferguson, Andrew Clemen, and Jeff Nolting, by their undersigned attorneys, respectfully move this Court to Approve the proposed Settlement Agreement attached as "Exhibit 1" to the supporting Memorandum ("Memorandum") filed contemporaneously with this Motion under seal pursuant to this Court's Order dated May 8, 2019 permitting it do so. Dkt. 34. Plaintiffs bring this Motion on behalf of themselves and on behalf of the thirteen other current and former employees of Defendant Exide Technologies ("Exide") who previously filed opt-in consents to join this action as Opt-In Plaintiffs and who also have personally signed the Settlement Agreement. In support of their Motion, Plaintiffs state as follows:

1. The Settlement Agreement in this case resolves the wage and hour claims of the sixteen Named and Opt-In Plaintiffs in this action on an individual basis, including all such claims that were or could have been brought in this case. All such sixteen individuals have been represented and counseled by Plaintiffs' counsel, including regarding the settlement of this action, and all have personally executed the Settlement Agreement. This is not a collective or class action settlement, does not involve any

persons not before the Court, and does not require the sending of any notices. It also does not involve a general release of all claims beyond the wage and hour context.

2. It is well settled that employee rights under the FLSA may not be waived by unsupervised releases. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, Section 216(b) allows an employee to waive his or her FLSA rights through either of two specific methods: where the settlement is approved and administered by the Department of Labor or after a court has reviewed and approved the agreement for fairness.

It generally is accepted that courts should review FLSA settlements to ensure "a fair and reasonable resolution of a *bona fide* dispute." *E.g., Moore v. Ackerman Investment Co.*, No. C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) (citing *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982) and *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008)).

3. Because the individual rights of non-parties *will not be affected* if the Court approves the settlement agreement, it is not necessary for the Court to conduct a Rule 23-type fairness hearing. *Moore*, 2009 WL 2848858, at *2. At most, all that may be necessary is for the Court, if it deems this necessary and appropriate, to schedule a brief hearing to enable counsel (which may be telephonic if the Court wishes) for the parties to explain the settlement in greater detail and to answer any questions the Court may have concerning specific settlement provisions.

4. Where, as here, a settlement enables the plaintiffs to avoid the uncertainties of litigation, settlement is especially favored.

5.  Plaintiffs face significant risks if they proceed with this litigation, which would entail dispositive motion practice, and, possibly, trial. This includes substantial defenses that Exide has both as to procedural issues and as to liability.

6.  It is well established that settlements negotiated by experienced counsel that result from arm's-length negotiations are entitled to deference from the Court. This is particularly true in the context of an FLSA settlement.

7.  Here, Plaintiffs respectfully submit that the Court should find, after scrutinizing the provisions of the settlement, that this Settlement Agreement is the product of vigorous, arm's-length negotiation for over a month. Among other things, the Settlement Agreement provides each of the sixteen settlement participants in excess of 65 percent of all wages owed to these individuals as calculated by counsel for Plaintiffs and communicated to counsel for Defendant. It also provides for a modest 25% allocation of the aggregate settlement amount to Plaintiffs' counsel for their attorneys' fees, costs and expenses, which Plaintiffs' counsel respectfully submits is well within the range of reasonable fee awards approved by courts in wage and hour actions.

8.  In sum, Plaintiffs respectfully submit that settlement is fair and reasonable and should be approved. The Plaintiffs are represented by counsel who, "in the adversarial context of a lawsuit," negotiated for the Plaintiffs a "reasonable compromise of disputed issues." *Lynn's Food Stores*, *supra*, at 1354. Additional factors indicating fairness are present, including the exchange of sufficient information to inform the parties and the Court of the issues, that the parties conserved substantial time and expense that would have been required had the case gone to trial, that, by settling, the sixteen Named and Opt-in Plaintiffs have avoided a much longer wait before they receive any monies (if

3

Case 6:18-cv-02044-LTS-MAR    Document 35    Filed 05/09/19    Page 3 of 6

ever), and that Exide Technologies has agreed to pay Plaintiffs' Counsel their reasonable attorneys' fees as provided in the Settlement Agreement. In this case, there is no doubt that there exists a *bona fide* dispute between the parties over significant issues of fact and law concerning the scope and application of the FLSA and state law to Plaintiffs' claims for pre-shift time, post-shift time and walking time at Exide Technologies' Manchester facility. Even if Plaintiffs could ultimately prevail on part or all of their claims, a lengthy, time-consuming and expensive process of litigating and apportioning damages will be required, resulting in a considerable delay before any of the Plaintiffs would ever receive any monetary recovery.

9. The docket only partially reflects the time and labor required to reach this point. In addition to seeking conditional certification and the facilitation of notice under the FLSA, Plaintiffs' counsel conducted extensive legal and factual research into a number of difficult, novel and evolving issues in connection with Defendant's defenses. Plaintiffs' Counsel also devoted significant time and resources to interviewing and conveying information about their rights to each of the sixteen original opt-in Plaintiffs. Plaintiffs' Counsel devoted substantial time to analyzing information provided by Exide Technologies as well as documents produced by the Named Plaintiffs. Plaintiffs' Counsel devoted substantial time to interviewing Plaintiffs and to taking the deposition of Defendant's representative (in a separate action brought by one of the Named Plaintiffs here, in which Plaintiffs' counsel learned about various Exide wage and hour policies).

10. The bases for Plaintiffs' motion are set forth more fully in the accompanying Memorandum in Support of Motion for Approval of FLSA Settlement and proposed Settlement Agreement attached thereto.

11. Plaintiffs have provided a copy of this Motion and the Memorandum in support of the motion to Counsel for Defendant. Counsel for Defendant has had adequate time to review the Motion and Memorandum in support of the Motion. Defendant has no objection to the Motion or the Memorandum in support of the Motion, and respectfully believes the Settlement Agreement should be approved and the case dismissed with prejudice.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant approval to the proposed Settlement Agreement, including the requested attorneys' fees, expenses and costs therein, and dismiss this case with prejudice, including as to the sixteen Named and Opt-In Plaintiffs who are signatories to the Settlement Agreement, and without costs, expenses or attorneys' fees to any party except as and to the extent expressly provided in the Settlement Agreement.

/s/ Nate Willems
NATE WILLEMS, AT0009260
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone (319) 363-5209
Facsimile (319) 363-6664
nate@rushnicholson.com
ATTORNEY FOR PLAINTIFFS

Copy to:

Gregory M. Lederer
Lederer Weston Craig, PLC
118 Third Avenue SE, Suite 700
Cedar Rapids, IA 52401
glederer@LWCLawyers.com

Jonathan D. Lotsoff
Brenna M. Woodley
Vera M. Iwankiw
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
jlotsoff@sidley.com
bwoodley@sidley.com
viwankiw@sidley.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action on 5/9/19 by:

[X] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] Other _____

/s/ Linda J. Dean_____